UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>DEMO & DOORS ENTERIPRISES,<br><br>Defendant. | Case No. 2:12-cv-01542-GMN-CWH<br><br>**CERTIFICATION OF FACTS<br>FOR CIVIL CONTEMPT** |

Before the Court is Plaintiffs' Motion for Attorney Fees (#16), filed March 24, 2014.[1] Plaintiffs request an order requiring Defendant to pay $8,416.00 as a contempt sanction for the repeated failure to comply with the Court's orders.

## BACKGROUND

This case began when, on August 29, 2012, the parties filed a Stipulated Consent Judgment ("Judgment") in favor of Plaintiffs. (#1). The stipulated Judgment was for the sum of $179,984.00 against Defendant "for delinquent employee benefit contributions, liquidated damages, interest, and attorney's fees and costs." The parties stipulated to the following facts:

   1. Defendant was a signatory and bound by the terms of a collective bargaining agreement ("CBA"), in which it agreed to abide by trust agreements.

   2. Under the CBA and the trust agreements, Defendant was obligated to pay employee contributions to trust funds on behalf of bargaining unit employees.

   3. Defendant was delinquent in contributing funds for the period of January 2012 - March 2012.

   4. Defendant owes the funds (a) $138,543.00 in unpaid employee benefit contributions, (b) past interest of $2,482.00, (c) liquidated damages of $29,709.00, (d) administrative fees of $3,000.00, and past attorney fees of $1,250.00.  The total monetary amount owed to the

---

[1] A copy of the motion was served on Defendant Demo & Doors Enterprises on March 26, 2014 through its registered agent for service of process. (#17).

fund was $174,984.00.

5. In the event the judgment must be executed, the parties agreed that an additional $5,000.00 would be included.

The stipulated Judgment was approved on April 19, 2013, by the presiding District Judge in this matter – Chief Judge Gloria M. Navarro. (#3).

Thereafter, on October 31, 2013, Plaintiffs filed a post-judgment motion for a judgment debtor examination. (#5). The motion indicated that Defendant had failed to satisfy the judgment and requested an examination pursuant to Fed. R. Civ. P. 69. The motion for judgment debtor examination was referred to the undersigned and granted on November 5, 2013. (#6). Defendant was ordered to appear on December 18, 2013 in the office of Plaintiff's counsel for the examination. Defendant was further precluded from effectuating the transfer or interference with any property not exempt from execution. *Id*. Plaintiffs were instructed to personally serve the order on Defendant. Defendant was specifically informed that "[f]ailure to appear [at the judgement debtor examination] may subject [it] to sanctions for contempt of court." *Id*. On December 2, 2013, Plaintiffs filed an affidavit of service indicating that a copy of the order setting the judgment debtor examination was served on Defendant by "personally delivering and leaving a copy . . . Alana Duggan[,]" who is identified as Defendant's registered agent for service of process. (#8).

On January 23, 2014, Plaintiffs filed a motion requesting that Defendant be required to show cause why it should not be held in contempt for failure to produce a witness at the December 18, 2013 judgment debtor examination. (#9). The motion indicated that neither Defendant nor anyone acting on its behalf appeared at the examination. The motion included a certification of nonappearance (attached as exhibit 1), which included a statement from Plaintiffs' counsel that he had not received any communication from Defendant or been provided any documents.

Based on the facts and evidence set forth in the motion (#9), the motion was granted and an order to show cause issued. The order to show cause included the following specific requirements:

1. That Defendant show cause in writing why it should not be sanctioned pursuant to, *inter alia*, the Court's inherent authority, LR IA 4-1, and Fed. R. Civ. P. 16(f), including certification that Defendant be held in civil contempt, for its failure to comply with the Court's order (#6) and failure to appear at the scheduled judgment debtor examination.

Defendant was given until February 21, 2014 to provide a written response.

2. That Defendant appear for a show cause hearing on Tuesday, March 18, 2014 at 2:00 PM before the undersigned and show cause why the Court should not impose sanctions pursuant to, *inter alia*, the Court's inherent authority, LR IA 4-1, and Fed. R. Civ. P. 16(f), including a certification for civil contempt.

3. Defendant was specifically instructed that, absent a court order, "THE FAILURE TO FILE A SHOW CAUSE BRIEF AND/OR TO APPEAR AT THE MARCH 18, 2014 SHOW CAUSE HEARING WILL RESULT IN CERTIFICATION THAT DEFENDANT/JUDGMENT DEBTOR DEMO & DOORS ENTERPRISES BE HELD IN CONTEMPT."

4. Plaintiff was instructed to serve a copy the order on Defendant.

5. The Clerk of Court was instructed to mail a copy of the order to Defendant's registered agent for service of process via certified mail.

*See* Order (#10). Defendant signed for the certified mail delivery of the order on January 29, 2014. (#12). Plaintiff filed an affidavit of service indicating that the order was served on Defendant's registered agent for service of process on January 28, 2014. (#13). Thus, the record shows that Defendant was aware of the order to show cause (#10) and its requirements approximately three weeks before the written brief was due and approximately five weeks before the scheduled show cause hearing.

The show cause hearing went forward on March 18, 2014. Neither Defendant nor a representative for Defendant appeared. Plaintiff's counsel requested that the Court enter an order finding Defendant in contempt for the failure to appear. The undersigned indicated to counsel his intent to certify facts for a contempt finding. In aid of that effort, Plaintiff's counsel was requested to submit an affidavit summarizing the facts and circumstances of the case as well as the efforts undertaken to serve Defendant. Plaintiff, through counsel, submitted the requested affidavit on March 24, 2014. In addition to summarizing the facts and circumstances of the case, Plaintiff requested an order requiring Defendant to pay $8,416.00 as a sanction for the repeated failure to comply with the Court's orders. The requested amount correlates to specified activities undertaken and fees incurred as a result of preparing for and attending the prior hearings and examinations at which Defendant failed to appear or otherwise participate. The motion was served on Defendant via its registered agent. (#17).

Case 2:12-cv-01542-GMN-CWH   Document 18   Filed 07/30/14   Page 4 of 9

**DISCUSSION**

As an initial matter, the Court notes that Plaintiff's motion for attorney fees (#16) is a request that the Court find Defendant in contempt for its continued failure to comply with court orders and impose a monetary sanction equivalent to the fees incurred as a result of Defendant's failures. Under the circumstances, and pursuant to 28 U.S.C. § 636(e), the undersigned must "certify the facts" to a district judge for a determination of whether contempt is appropriate. Section 636(e) provides, in relevant part, that in matters referred to a magistrate judge pursuant to section 636(a) or (b):

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

*See* 28 U.S.C. § 636(e)(6). The party seeking an order of contempt has the burden of establishing by clear and convincing evidence that: (1) the party against whom contempt is sought violated a court order, (2) beyond substantial compliance, and (3) not based on a good faith reasonable interpretation of the order. *United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010).

It is not specified in the motion whether Plaintiff is requesting that Defendant be held in civil contempt, criminal contempt, or both. Whether contempt is criminal or civil is determined by the nature and purpose of the sanction. Generally, a sanction intended to punish past conduct, imposed for a definite amount or period without regard to future conduct, is criminal. If the sanction is intended to coerce compliance with a court order in the future, and is conditioned on continued noncompliance, it is civil. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1481 (9th Cir. 1992), *citing Hicks v. Feiock*, 485 U.S. 624, 632 (1988). Where the court imprisons or imposes fines in order to coerce compliance with the court's order, and the contemnor can avoid or terminate by complying with the order, the contempt is civil. *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (citations omitted). Contempt sanctions imposed to compensate another party or the court for harm caused or losses sustained by a contemnor's

disobedience are civil. *Lasar*, 399 F.3d at 1110-11 (monetary sanctions imposed to compensate party for unnecessary costs and attorney's fees are compensatory, remedial fines and considered to be civil in nature).

To protect against abuse and ensure due process, individuals subject to contempt sanctions are afforded procedural protections, the nature of which varies depending on the violation and severity of the sanction. The more punitive the nature of the sanction, the greater the protection entitled. *F.J Hanshaw Enterprises, Inc. v. Emerald River Development*, 244 F.3d 1128, 1137 (9th Cir. 2001). At minimum, the party subject to civil or criminal contempt sanction is entitled to notice and an opportunity to be heard. *Lasar*, 399 F.3d at 1109-10. Before serious criminal penalties may be imposed for direct or indirect contempt, the contemnor must be afforded the full protection of a criminal jury trial. *Hanshaw*, 244 F.3d at 1138-39 (citations omitted).

The undersigned hereby certifies that the acts described in this order constituting contempt have occurred. 28 U.S.C. § 636(e)(6)(B).[2] After entry of the Judgment, Defendant was ordered to appear for a judgment debtor exam on October 31, 2013. Defendant was served with a copy of the order setting the examination, but, without explanation, failed to appear. Thereafter, the undersigned entered an order requiring Defendant to show cause in writing why he should not be sanctioned for his failure to comply with the Court order and appear the judgment debtor examination. Defendant was specifically warned that failure to appear at the show cause hearing

---

[2] Federal Rule of Civil Procedure 69 provides that the procedure regarding "proceedings supplementary and in aid of judgment or execution–must accord with the procedure of the state where the court is located." *See* Fed. R. Civ. P. 69(a)(1). Rule 69 further provides that "[i]n aid of judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person–including the judgment debtor–as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Under Nevada law, "[a] judgment creditor, at any time after the judgment is entered, is entitled to an order from the court requiring the judgment debtor to appear and answer upon oath or affirmation concerning his or her property, before: (a) The judge or a master appointed by the judge; or (b) An attorney representing the judgment creditor, at a time and place specified in the order. *See* Nevada Revised Statutes ("NRS") 21.270(1). "A judgment debtor who is regularly served with order issued pursuant to this section, and who fails to appear at the time and place specified in the order, may be punished for contempt by the judge issuing the order." NRS 21.270(3). Further, "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3).

on March 18, 2014, would result in the certification of facts and recommendation that contemp sanctions be entered. A copy of the order requiring Defendant to show cause was delivered to Defendant at its last known address by certified mail. (#12). Defendant was also served with a copy of the order through its registered agent for service of process. (#13). Based on the record, Defendant was aware of the order and show cause requirements approximately three weeks before the written show cause brief was due and approximately five weeks before the scheduled show cause hearing. Neither Defendant nor a representative for Defendant appeared at the show cause hearing. Upon request that the undersigned enter an order finding Defendant in contempt for the failure to appear, Plaintiff's counsel was instructed to submit an affidavit summarizing the facts and circumstances of the case as well as the efforts undertaken to serve Defendant. Plaintiff complied with the request and submitted his motion for fees (#16) requesting $8,416.00 as a contempt sanction for the repeated failure to comply with the Court's orders.

Based on these facts, the undersigned recommends that the District Judge find the Defendant in civil contempt. Plaintiff's motion for attorney fees (#16) is granted to the extent that the undersigned <u>recommends</u> the $8,416.00 requested in attorney fees be awarded as a fine for civil contempt. The fees incurred represent specific harm or loss caused by Defendant's failure to comply with the Court's orders. *See Lasar*, 399 F.3d at 1110-11 (monetary sanctions imposed to compensate party for unnecessary costs and attorney's fees are compensatory, remedial fines and are considered to be civil in nature). The motion for fees was unopposed, and the hourly rates and time expended are reasonable. The undersigned also recommends that the District Judge order Defendant to appear at a date and time certain for a judgment debtor examination. Should Defendant fail to appear at the scheduled examination, the undersigned recommends that Defendant be sanctioned $100 a day until such time as it complies with the Court order to appear for a judgment debtor examination.

The undersigned further recommends that if Defendant fails to appear at the contempt hearing the District Judge issue an arrest warrant for Defendant's corporate officers to be incarcerated until Defendant purges itself by complying with the Court's orders. *See United States v. Bright*, 596 F.3d 683, 696 (9th Cir. 2010) (holding that "[g]iven the remedial purpose of the

sanction, a finding of contempt must be accompanied by conditions by which contempt may be purged, spelled out in either the original order or the contempt order."). The Supreme Court has held that courts have power "to impose conditional imprisonment for the purpose of compelling a person to obey a valid order," and that "[s]uch coercion, where the defendant carries the keys to freedom in [its] willingness to comply with the court's directive, is essentially a civil remedy designed for the benefit of other parties and has quite properly been exercised for centuries to secure compliance with judicial decrees." *Uphaus v. Wyman*, 360 U.S. 72, 81 (1959) (citation omitted).

Defendant is a Nevada corporation. In each of the instances identified herein that Defendant has failed to respond or otherwise comply with the Court's orders, it has been served via its designated agent for service of process. *See* NRS 14.020. The designated agent for service of process also signed the certificate of receipt confirming receipt of the Court's order (#10) via certified mail. (#12). The undersigned has independently consulted the public record, conducting a business search of the Nevada Secretary of State website, in search of further information on the Defendant.[3] Defendant Demo & Doors Enterprises is identified as a Nevada corporation. Defendant's "status" is listed as being in default, with a business license that expired on September 30, 2013. The registered agent for service of process remains National Registered Agents, Incorporated, located at 311 S. Division Street, Carson City, Nevada 89703. Every reported officer in the corporation is identified as Kevin R. Curley. The corporate address is listed as 2700 East Patrick Lane #15, Las Vegas, Nevada 89120.

In *Electrical Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Elec. Service Co.*, 340 F.3d 373 (6th Cir. 2003), the court held that the sole officer and shareholder of the defendant, who was not himself a party, could be held in contempt for the defendant's failure to obey the court's judgment and order. It was further held that the district court abused its discretion in denying plaintiff's request that the officer be held in contempt. The Sixth Circuit quoted the Supreme Court's statement in *Wilson v. United States*, 221 U.S. 361, 376 (1911) as follows: "A

---

[3] https://nvsos.gov/sosentitysearch/CorpSearch.aspx

command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs.  If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience and may be punished for contempt." *Electrical Workers Pension Trust Fund*, 340 F.3d at 380.  In order to hold a corporate officer in contempt, the movant must show that he or she had notice of the order and its contents. *Id*; *see also United States v. Laurins*, 857 F.2d 529, 535 (9th Cir. 1988) ("A nonparty may be held liable for contempt if he or she either abets or is legally identified with the named defendant . . . . [a]n order to a corporation binds those who are legally responsible for the conduct of its affairs.").

It is not clear whether Defendant's lone officer (according to Nevada records) is aware of the events outlined herein. Given the repeated service of Defendant's designated agent for service of process, it seems unlikely that he would not be aware.  The undersigned will instruct the Clerk's office to provide a copy of this order to the registered agent for service of process as well as upon the corporate officer at the address listed on the Nevada Secretary of State website via certified mail.  Plaintiff will also be required to serve a copy of this order on both the registered agent for service of process and the corporate officer.  To the extent that Defendant or its officer do not appear at the contempt hearing, Plaintiff shall supply the last known address, to the extent known, of the corporate officer/s so that an arrest warrant may issue and the corporate officer/s incarcerated, such incarceration conditioned on the willingness to comply with the Court's orders. *Uphaus*, 360 U.S. at 81.

Based on the foregoing and good cause appearing,

**IT IS HEREBY ORDERED** that a hearing is scheduled before **Chief District Judge Gloria M. Navarro** on **Tuesday, September 2, 2014 at 9:00 a.m in Courtroom 7D at the Lloyd D. George Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101**, wherein the Defendant is order to show cause why he should not be found in civil contempt and sanctioned as set forth herein.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Attorney Fees (#16) is **granted** to the limited extent that the undersigned certifies the foregoing facts and recommends the

following sanctions for civil contempt:

    1.  $8,416.00 in attorney fees and costs for specific harm or losses caused by Defendant's failure to comply with the Court's orders;

    2.  A fine of $100.00 a day to commence should Defendant or its representative fail to appear at the contempt hearing scheduled herein until such time as Defendant complies with the order to appear for a judgment debtor examination.

    3.  Should Defendant fail to appear for the contempt hearing, arrest warrants should issue and the following corporate officers shall be incarcerated until such time as Defendant complies with the Court's order to submit to a judgment debtor examination:

> Kevin R. Curley
> 2700 East Patrick Lane #15
> Las Vegas, Nevada 89120

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of this Certification of Facts for Contempt on both the Defendant's registered agent for service of process and all known corporate officers, including Kevin R. Curly.

**IT IS FURTHER ORDERED** that Plaintiff shall attend the September 2, 2014 show cause hearing and bring, to the extent it is known or can be ascertained, the contact information for Defendant and its officers.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this Certification of Facts for Contempt and Order Setting Contempt Hearing to the following via certified mail:

> Demo & Door Enterprises
> c/o National Registered Agents, Inc. of Nevada
> Commercial Registered Agent
> 311 S. Division Street
> Carson City, NV 89703

> Kevin R. Curley
> 2700 East Patrick Lane #15
> Las Vegas, Nevada 89120

DATED: July 30, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**